**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0467n.06

Case No. 15-2203

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 12, 2016
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| DIANE CANNON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| CANTEEN SERVICES OF NORTHERN | ) | MICHIGAN |
| MICHIGAN; LAKE COUNTY; LAKE | ) | |
| COUNTY SHERIFF, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: SILER, GIBBONS, and KETHLEDGE, Circuit Judges.

**SILER**, Circuit Judge. Plaintiff Diane Cannon appeals the district court's dismissal of her race-based hostile environment claims against Defendants Lake County, the Lake County Sheriff (collectively, "Lake County"), and Canteen Services of Northern Michigan Inc. ("Canteen," all together, "Defendants"). For the following reasons, we **AFFIRM**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Cannon, an African American female, was a line cook employed by Canteen—a food service vendor contracted with Lake County—and her assigned duty station was the Lake County Jail. During her time working at the jail, Cannon allegedly suffered persistent racial discrimination and antagonism from white officers, administrators, and inmates. After Canteen

terminated Cannon's employment—which came in response to Lake County's revoking its permission to have Cannon on the premises of the jail—she sued the Defendants for race-based employment discrimination.

The case was referred to a magistrate judge, who—after the parties' additional briefing brought up joint ownership and hostile environment issues—submitted a report and recommendation ("R&R") concluding that Cannon had asserted potentially viable joint ownership and hostile work environment claims. The district court adopted the R&R and established a supplemental case management schedule for the resolution of the claims. Ultimately, the district court adopted the magistrate judge's subsequent R&R recommending that Cannon's claims be dismissed on the grounds that (1) Lake County did not qualify as a joint employer and (2) Cannon failed to exhaust her administrative remedies as to her hostile work environment claim against Canteen.

## STANDARD OF REVIEW

"We review the district court's grant of summary judgment *de novo,* using the same standard of review applicable in the district court." *Gecewicz v. Henry Ford Macomb Hosp. Corp.*, 683 F.3d 316, 321 (6th Cir. 2012).

## DISCUSSION

### I.      The Joint Employer Doctrine

As to Lake County, Cannon insists that "[t]here is absolutely no question that the Joint Employer Doctrine is the law of the Sixth Circuit," and asserts that the magistrate judge's R&R "explains clearly why Lake County should be held liable under the Joint Employer Doctrine." Neither Defendants nor the district court disputed the legitimacy of the joint employer theory of

liability, however, and the magistrate judge's discussion of the doctrine does not support Cannon's position as she seems to believe.

Contrary to Cannon's mistaken impression, the R&R merely frames and tees up the joint employment question—it does not purport to provide an answer. The magistrate judge simply found that there was "a legitimate 'joint employer' theory to be considered" that was potentially "viable in this case." Moreover, although he initially ventured that "there appear[ed] to be genuine issues of material fact outstanding," in his subsequent R&R he determined that—as in the case of *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214 (10th Cir. 2014)[1]—"no reasonable jury could find the relationship between Canteen . . . and Lake County . . . to be other than vendor and client." Other than a single unavailing reference to the food services contract between Canteen and Lake County, Cannon fails to point to any evidence that would create a dispute of material fact as to whether Lake County exercised sufficient control over her to be deemed a joint employer. Repetitious, off-base recitation of an R&R's framing of an issue is no substitute for the argument and analysis required for a party to have a colorable claim on appeal.

Because the district court correctly ruled that Lake County was not Cannon's joint employer, we need not consider how Cannon's other claims might pertain to Lake County.

---

[1] *Knitter* involved a handyman employed by a contractor that assigned her to work at a certain client location. When the client requested that she not return on the grounds that she "was uncooperative, untimely, and had billed [the client] for work she had not performed," she was terminated by the contractor—who claimed to have no other available work assignments. 758 F.3d at 1223. The Tenth Circuit found that, since the client did not have the authority to terminate her employment, pay her directly, or supervise and discipline her, the relationship amounted to that of vendor-client and not employer-employee. *Id.* at 1227-31.

Although Cannon "attempt[ed] to discredit *Knitter*" in her briefing before the district court, she does not even attempt to contest its applicability in her briefing on appeal.

## II.        Exhaustion of Administrative Remedies

The district court also concluded that Cannon "did not exhaust a racially hostile work environment claim against Canteen before the EEOC, and that Canteen did not waive or otherwise forfeit its right to rely on an exhaustion defense." Again offering very little in the way of argument or authority, Cannon contends that "Canteen never pled the defense of exhaustion of remedies and thus waived it," and that the documents she submitted to the EEOC sufficiently exhausted her administrative remedies.

On her first point, it is unsurprising that Canteen's initial pleadings did not raise a failure-to-exhaust defense in response to Cannon's hostile environment claim, since that claim was not injected into the proceedings until midway through the litigation. Specifically, Cannon first raised the claim in the unsigned declaration she submitted in response to Defendants' original dispositive motions. Canteen's reply brief promptly asserted that she failed to exhaust her administrative remedies as to her newly raised allegations, and Canteen has steadfastly reasserted the defense in its briefing ever since. Moreover, as the district court aptly observed, "Canteen had no obligation to anticipate all possible defenses to claims that plaintiff had inadequately articulated in the first round of pleadings and briefing." Thus, Cannon's suggestion that Canteen waived this defense is meritless.

As to her second point, even with the magistrate judge's generous reading of Cannon's filings before the EEOC,[2] it is clearly evident that she did not exhaust her hostile environment claim against *Canteen*—setting aside her allegations regarding Lake County and its personnel. Not only did she not allege before the EEOC that Canteen created the hostile work environment,

---

[2] He did not strictly construe the literal words of her twenty-page account of her workplace complaints—which contained few explicit references to race—but instead, he permitted the overarching claim of racial discrimination to permeate the entire account.

but she even included the following passage regarding her employer near the end of her twenty-page filings:

> About my Canteen boss Pam Bower
>
> Pam Bower has always been fair towards me. When one of the canteen workers Kat who's husband is also a officer{guard} at our sight came in drunk oneday and used profane language towards me in front of the inmates and Pam. -Pam reminded the higher ups that I did not swear back at her Pam commented me later for staying calm through the whole thing. Pam did see to it that Kat was fired.
>
> Almost every other day Pam was in Dagon's office always taking up for me. Pam offen Reminded the others that my training was no different then anyone else. Canteen offen reminded the workers that they made constant major mistakes,
>
> Canteen was very sad to see me go but, still there was nothing that they could do about it[.]

Overall, Cannon's EEOC filings make it clear that Bower was ardently responsive to Cannon's difficulties, and there is no indication that either Canteen as an organization or Bower as Cannon's supervisor had any hand in the alleged hostile work environment that Cannon experienced at Lake County Jail.[3] Accordingly, the district court correctly concluded that she failed to exhaust her administrative remedies as to this claim against Canteen.

**AFFIRMED.**

---

[3] The only case that Cannon cites on this issue, *Mach Mining, LLC v. E.E.O.C.*, 135 S. Ct. 1645 (2015), is inapplicable, given that it concerns not exhaustion, but judicial review of the EEOC's own "statutory obligation to attempt conciliation before filing suit" against an employer. *Id.* at 1649.